IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Phillip Reeves, <br><br> Petitioner, <br><br> v. <br><br> Warden, Greenville County Detention Center, <br><br> Respondent. | C/A No. 0:22-2773-CMC <br><br><br> **Order** |

This matter is before the court on Petitioner's *pro se* petition filed on August 19, 2022. ECF No. 1. Petitioner challenges his state court charges and requests the evidence against him be suppressed, the charges be dropped or *nolle prossed*, and he be released from detention at the Greenville County Detention Center. *Id.* at 5. He alleges the following grounds, as written in his petition: (1) "witness statements, officials actions, relieve of counsel, Due Process, Amendments, Bill of Rights, Constitutions"; (2) "curtilage, Amendment's, Fourth Amendments, illegal actions taken from officials"; (3) "warrantless, false arrest, security cameras, illegal seizure"; (4) "exploitation, search and seizure, invalid consent to search"; (5) "defective warrants, probable cause, facially defective/invalid/Brady v. Affidavit"; (6) "Analysis of State v. Herring, 387 S.C. 201, and petitioner's case, due to the closeness of violations and process." *Id.* at 4-5, 7.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett, for pre-trial proceedings and a Report and Recommendation ("Report"). On September 26, 2022, the Magistrate Judge issued a Report recommending this matter be dismissed. ECF No. 19. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the

serious consequences if he failed to do so. On October 3, 2022, Petitioner filed a motion to add two additional grounds asserting a lack of jurisdiction by the Thirteenth Circuit in South Carolina state court and the applicability of the Uniform Commercial Code. ECF No. 23. He also filed objections on October 6, 2022. ECF No. 24.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

After conducting a *de novo* review of the record as to the objections made, and after considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. This court cannot interfere with a state criminal proceeding unless Petitioner has no adequate remedy at law and will suffer irreparable injury if denied relief. *See Younger v. Harris*, 401 U.S. 37 (1971). The court agrees abstention is appropriate here under the *Younger* doctrine. Indeed, many of the claims by Petitioner are ones that should be brought in his criminal case (e.g., suppression, defective warrant, *Brady* violations).

Nothing in Petitioner's motion to add grounds or his objections alters this conclusion. Petitioner raises many sovereign citizen type arguments, such as challenging the state court's jurisdiction over him and the applicability of the Uniform Commercial Code. ECF No. 23. These additional grounds similarly challenge the state proceedings against him and are barred by *Younger* and its progeny. Therefore, Petitioner's motion to add additional grounds (ECF No. 23) is denied.

Petitioner's objections argue he seeks to be released from pre-trial detention because he is falsely imprisoned. He contends he is a "NON-US NATIONAL" and the Thirteenth Judicial Circuit does not have jurisdiction over him "where he has reserved his rights under the Uniform Commercial Code." ECF No. 24 at 3. He has also filed for "a relieve of counsel" but the state court "continues to deterrent petitioner with all motions." *Id.* at 5. These nonsensical objections do not change the court's conclusion that Petitioner can, and has, pursued the relief he seeks through the proper channel, namely, the state court proceeding against him, and further, that this court cannot, under Supreme Court precedent, interfere with that proceeding.

    Accordingly, the court adopts and incorporates the Report and Recommendation by reference into this Order. This matter is dismissed without prejudice and without requiring Respondent to file a return.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 26, 2022